CENTER FOR DISABILITY ACCESS
Raymond Ballister Jr., Esq., SBN 111282
Russell Handy, Esq., SBN 195058
Dennis Price, Esq., SBN 279082
Christopher A. Seabock, Esq., SBN 279640
8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
ChrisS@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Dwain Lammey**, <br><br> Plaintiff, <br><br> v. <br><br> **Bang Ja Kim,** in individual and representative capacity as Successor Trustee of the Mr. And Mrs Yong Bai Kim And Bang Ja Kin, Joint Revocable Living Trust; <br> **O'Reilly Auto Enterprises, LLC,** a Delaware Limited Liability Company; and Does 1-10, <br><br> Defendants. | Case No.: 2:18-cv-09751-DOC-AGR <br><br> **PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE #1 TO EXCLUDE PLAINTIFF'S LITIGATION HISTORY** <br><br> Final Pretrial Conference: July 27, 2020 <br> Time: 9:30 a.m. <br><br> Complaint Filed: November 19, 2018 <br> Trial Date: August 4, 2020 <br><br> Honorable Judge David O. Carter |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. RELEVANT FACTS

Plaintiff Dwain Lammey is active in suing businesses that violate his civil rights. Declaration of Christopher A. Seabock ("Seabock Dec.") ¶ 2. He is profoundly disabled and understands that federal and state law entitle him to a certain level of physical access at businesses in the State of California. Seabock Dec. ¶ 2.

Mr. Lammey is what the published case law calls a serial litigator. Seabock Dec. ¶ 2. However, as discussed below, numerous courts have addressed the issue of introducing evidence that the plaintiff is a serial litigator and determined it to be inadmissible as irrelevant.

## II. MR. LAMMEY'S LITIGATION HISTORY IS INADMISSIBLE BECAUSE IT IS IRRELEVANT, NECESSITATES UNDUE CONSUMPTION OF TIME, AND CREATES A SUBSTANTIAL DANGER OF UNDUE PREJUDICE.

Under Federal Rule of Evidence ("FRE") 402, no evidence is admissible unless it is relevant. FRE 401 defines relevant evidence as evidence that has "any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Under FRE 403, the court may exclude relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. As the Advisory Committee Notes to FRE 403 explain, "unfair prejudice" within its context means an undue

tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.

### A. MR. LAMMEY'S LITIGATION HISTORY IS NOT RELEVANT TO THE CURRENT LAWSUIT AND, THEREFORE, SHOULD BE EXCLUDED.

The assertion that a serial litigant's litigation history undermines the validity of his claims is not a novel legal theory. Both federal and state courts have considered this very issue:

> The right to sue and defend in the courts… is one of the highest and most essential privileges of citizenship… [and] is granted and protected by the Federal Constitution." [Citation omitted.] Absent a determination that [the plaintiff] has abused those privileges, we will not hold his past participation in the judicial process against him. Accordingly, **we conclude that [the plaintiff's] litigation history is not relevant to this case.**

Daniels v. Arcade, L.P. (4th Cir. 2012) 477 Fed.Appx. 125, 2012 WL 1406299 (boldface added).

> While Wilson obviously views himself as a champion of the disabled, he is condemned by Murillo as a serial litigant who exploits the ADA by filing lawsuits with "a clear intent to harass businesses and extort quick cash settlements…." Wilson does not dispute that he has filed many ADA access lawsuits. **Numerosity alone, however, is insufficient to show that his lawsuits are frivolous or harassing.** One court has examined the contents of Wilson's filings and has made an express finding that his

ADA claims are not frivolous and that he is not a vexatious litigant. "From all that appears, the number of lawsuits [Wilson] has filed does not reflect that he is a vexatious litigant; rather, it appears to reflect the failure of the defendants to comply with the law." [Citation omitted.] This difference in points of view being noted, we emphasize that Wilson's litigation history is immaterial to our resolution of this case.

Wilson v. Murillo (2008) 163 Cal.App.4th 1124, 1128, fn. 3 (boldface added).

The reasoning behind these decisions is clear. In a typical Americans with Disabilities Act case, as in this one, there are four basic elements that must be proven: (1) That the plaintiff is disabled as defined in the ADA; (2) That the defendants have a responsible interest in a place of public accommodation; (3) That a barrier to full and equal access exists at the defendants' program, service, or activity offered to the public; and (4) That the barrier denied the plaintiff full and equal access. However, the plaintiff's litigation history does nothing to either prove or disprove any of these elements. The number of cases Mr. Lammey has filed says nothing of his disability. It has absolutely nothing to do with whether Defendants have a program or service offered to the public. It does not make the existence of a barrier more or less likely. And it does not tend to prove or disprove whether the barrier denied Mr. Lammey full and equal access.

In short, Mr. Lammey's litigation history is, by definition, not relevant and is, therefore, inadmissible.

### B. MR. LAMMEY'S LITIGATION HISTORY SHOULD NOT BE ADMITTED BECAUSE ANY PROBATIVE VALUE IS SUBSTANTIALLY OUTWEIGHED BY THE CONSUMPTION OF TIME IT WILL NECESSITATE.

The only way in which Mr. Lammey's litigation history could conceivably be seen as probative is if it were used to show that he files false claims, thus undermining his assertions in the instant action. Should Defendants undertake such a litigation tactic, Mr. Lammey would be forced to defend the validity of his claims. This would require Mr. Lammey to relitigate each of the cases raised by Defendants, to show that the claims were meritorious and negate any inference of impropriety. Given the volume of cases Mr. Lammey has filed as an admitted serial litigator, his estimate for trial completion would have to be revised. This constitutes an excessive and unnecessary consumption of time. Accordingly, Mr. Lammey's litigation history should be excluded.

### C. MR. LAMMEY'S LITIGATION HISTORY SHOULD NOT BE ADMITTED BECAUSE ANY PROBATIVE VALUE IS SUBSTANTIALLY OUTWEIGHED BY THE PROBABILITY OF UNDUE PREJUDICE.

It is typical in ADA litigation for defendants to vilify serial plaintiffs, painting them as vultures circling weak prey. The practice of attacking the character of those who are simply asserting their right to not be discriminated against has become so common, that courts have begun to note it and dismiss it outright. In <u>Kittok v. Leslie's Poolmart, Inc.</u> (C.D. Cal. 2009) 687 F.Supp.2d 953, the court called these character attacks "representative of a troubling trend in which disability access defendant attack the motives of plaintiffs and their

counsel in nearly every case brought to enforce the right to equal access guaranteed by the ADA and California statutes." Id. at p. 958.

Likewise, in Segal v. Rickey's Rest. & Lounge, Inc., (S.D. Fla. June 25, 2012) 2012 WL 2393769, the defendants attacked the plaintiff for his serial litigation work and argued that, "by filing multiple lawsuits," the plaintiff was "perverting the ADA" and was a "pawn for the generation of attorney's fees." Id. The court rejected the argument, reasoning that "filing suit to remedy architectural barriers constitutes a legal recourse to redress discrimination and allow the disabled to fully participate in all aspects of society." Id.

As is apparent, it is typical of defendants to ADA lawsuits to wage an open character assault on the plaintiffs while conveniently ignoring their own illegal and discriminatory practices. Such a "defense" should not be allowed here. The law is clear that Mr. Lammey's litigation history is of no relevance to the outcome of the action. This Court should not allow such a blatant attempt at character assassination, which has no proper bearing on the issues at hand. The admission of Mr. Lammey's litigation history serves only to inflame the passions of the trier of fact and, when weighed against the miniscule probative value, should not be allowed. Accordingly, this Court should exclude Mr. Lammey's litigation history, as the probative value is substantially outweighed by the risk of undue prejudice.

Mr. Lammey's litigation history is irrelevant, will necessitate a disproportionate consumption of time, and will likely unduly prejudice the trier of fact against him, and, thus, must be excluded.

### III. CONCLUSION

For the reasons stated above, Plaintiff respectfully asks this Court to exclude any reference to his litigation history.

Dated: July 15, 2020                                 CENTER FOR DISABILITY ACCESS

By: /s/ Christopher A. Seabock
CHRISTOPHER A. SEABOCK
Attorneys for Plaintiff